IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D7 ROOFING, LLC, <br><br>    **Plaintiff/Counterclaim Defendant,** <br><br>v. <br><br>U.S. ROOFING, LLC, <br><br>    **Defendant.** <br><br>——————————————— <br><br>U.S. ROOFING, LLC, <br><br>    **Third-Party Plaintiff/ Counterclaimant,** <br><br>v. <br><br>KEHRER BROTHERS CONSTRUCTION, INC. <br><br>    **Third-Party Defendant.** | Case No. 3:20-CV-00033-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Dismiss the First Amended Complaint or, Alternatively, to Require Joinder of a Party in Interest, and for More Definite Statement filed by Defendant U.S. Roofing, LLC. (Doc. 40). Also pending before the Court is a Motion to Dismiss U.S. Roofing's Counterclaim and Third-Party claim for failure to state a claim filed by Counterclaim Defendant D7 Roofing, LLC, and Third-Party Defendant Kehrer Brothers Construction, Inc. (Doc. 29). For the reasons set forth below, the motions are denied.

## BACKGROUND

The Court accepts the following facts as true for purposes of the motions to dismiss. Plaintiff D7 Roofing, LLC ("D7"), is a Michigan limited liability company with its principal place of business in Albers, Illinois. (Doc. 38, p. 1). Defendant U.S. Roofing, LLC ("U.S. Roofing"), is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. Third-Party Defendant Kehrer Brothers Construction, Inc. ("Kehrer Brothers") is a citizen of Illinois. (*Id.*, p. 2; Doc. 26, ¶ 6).[1] From 2014 to 2016, the parties jointly participated in a number of construction projects. (Doc. 26, ¶ 9).

On or around May 15, 2017, U.S. Roofing entered into an agreement with Marathon Petroleum Company LP ("Marathon") for the removal and replacement of the roof and repair of the gutters at Marathon's Robinson, Illinois, refinery control room (the Marathon project). (*Id.*, ¶ 4).

D7 claims that it entered into a valid and enforceable oral or implied contract with U.S. Roofing, whereby D7 agreed to serve as subcontractor for U.S. Roofing. (*Id.*, ¶ 5). The parties agreed that D7 would perform the work on the Marathon project. (*Id.*, ¶ 6). In accordance with U.S. Roofing's and D7's prior course of dealing, U.S. Roofing agreed to pay D7 an amount equal to materials and labor, plus 20 percent overhead and profit. (*Id.*,

---

[1] The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. D7 Roofing, LLC, has two members, both of which are citizens of Illinois (Doc. 8). U.S. Roofing, LLC, has one member who is a citizen of Missouri (*Id.*). Thus, diversity jurisdiction is proper as the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Furthermore, the addition of Third-Party Defendant Kehrer Brothers, an Illinois citizen, does not destroy diversity. *See Darnell v. Hoelscher Inc.*, No. 09-CV-204-JPG, 2010 WL 3119425, at *1 (S.D. Ill. Aug. 4, 2010) (third-party defendant's common citizenship with plaintiff did not destroy diversity jurisdiction, and court had supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear the third-party claim).

¶ 7). D7 performed work on the Marathon project as agreed and completed the work on or around April 19, 2018. (*Id.*, ¶ 8). On or around April 20, 2018, D7 secured a 20-year materials warranty through the materials manufacturer, Firestone Building Products Company, LLC, providing coverage for the roof materials installed by D7 at Marathon. (*Id.*, ¶ 9). On D7's information and belief, U.S. Roofing has been paid approximately $270,000 by Marathon for the work performed. (*Id.*, ¶ 18). Despite several demands to U.S. Roofing, D7 has not received any compensation for its work. (*Id.*, ¶ 10).

Sometime in 2018, and apparently during the time D7 was working on the Marathon project, the parties met to ascertain money owed on the various past projects they completed between 2014 and 2016. (*Id.*, ¶ 9). The parties shared their projections and calculations as to money owed for work done by U.S. Roofing and its principal, Anthony McDonald. (*Id.* at ¶ 11). The parties agreed that U.S. Roofing was owed $152,000 for work and materials on these old projects. (*Id.*, ¶ 12). Yet, U.S. Roofing only received a payment of $100,000. (*Id.*, ¶ 13).

Subsequently, the parties reached an understanding that the remaining $52,000 owed to U.S. Roofing would either be paid or be set off from any money owed to D7 and/or Kehrer Brothers for future work performed for the benefit of U.S. Roofing—including the Marathon project. (*Id.*, ¶ 14). On February 1, 2018, U.S. Roofing issued an invoice to D7 and/or Kehrer Brothers, to their joint business address for $52,000. The description section on the invoice stated: "Remaining due on 2014-2015-2016 jobs per agreement $152,000 less $100,000 paid." (Doc. 26-1, p. 1).

U.S. Roofing further alleges the parties engaged in a number of separate deals on

a variety of more recent projects, all based on oral or implied contracts (Doc. 26, ¶ 16). U.S. Roofing claims it provided materials and labor to D7 and Kehrer Brothers without being paid. The parties also agreed to split the profits on certain jobs, but D7 and Kehrer Brothers have not paid U.S. Roofing its portion of the profits. In sum, U.S. Roofing claims D7 and Kehrer Brothers owes it $335,720 for all projects the parties undertook (*Id.*, ¶ 59). On the Marathon project, U.S. Roofing calculated that D7 and/or Kehrer Brothers's labor and materials did not exceed $241,083 (*Id.*, ¶ 56). Because this amount was less than the outstanding balance of $335,720 owed to U.S. Roofing by D7 and/or Kehrer Brothers, U.S. Roofing has not paid anything for the Marathon Project.

## DISCUSSION

### I. U.S. ROOFING'S MOTION TO DISMISS THE AMENDED COMPLAINT

U.S. Roofing has moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that D7 is not the real party in interest. Instead, it claims, an email regarding the project appears to have been sent by an employee of Kehrer Brothers Construction Inc. Thus, it avers, Kehrer Brothers is the real party in interest and the Amended Complaint should be dismissed.

Rule 12(b)(6) is not the proper rule to dismiss a case when a party is not the real party in interest. Rather, such an argument must be made under Rule 17(a)(1). As recognized by the Seventh Circuit, Rule 17's "real-party-in-interest requirement [is] essentially a codification" of the prudential limitation on standing. *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008). Under Rule 17, the Court is "concerned only with whether an action can be maintained in the plaintiff's name." *Id.* at 756.

Because U.S. Roofing did not invoke Rule 17 or make any proper arguments as to why D7 is not the real party in interest, its motion must be denied. Even if U.S. Roofing *had* invoked the proper rule to challenge D7's standing as the real party in interest, however, the Court would still deny U.S. Roofing's motion.

First, U.S. Roofing's Counterclaim indicates that D7 and Kehrer Brothers likely were affiliated in some manner, as evidenced by the fact that they shared a joint business address. Furthermore, U.S. Roofing has provided no evidence to indicate D7 is not the proper plaintiff or that an action could not be maintained in D7's name; one email sent by an employee from a Kehrer Brothers account is hardly dispositive of ownership of the claim. Whether D7 actually entered into an oral contract with U.S. Roofing goes to the merits of D7's claim; at this point, it certainly can allege that it is entitled to relief. Whether its claim holds up will be determined through discovery.

Finally, to the extent any claim does belong to Kehrer Brothers rather than D7, Rule 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Therefore, *if* any claims belong to Kehrer Brothers, it should have the opportunity to be substituted or joined as a plaintiff in this action.[2] The Court finds no reason to dismiss the entire case on this ground.

---

[2] Although U.S. Roofing's motion is titled "Motion to Dismiss the First Amended Complaint or, Alternatively, to Require Joinder of a Party in Interest, and for More Definite Statement filed by Defendant U.S. Roofing, LLC, it makes no arguments whatsoever that Kehrer Brothers should be joined as a party.

## II.    U.S. ROOFING'S MOTION FOR MORE DEFINITE STATEMENT

U.S. Roofing alternatively argues D7's Amended Complaint for breach of contract and *quantum meruit* is so vague and ambiguous that it cannot prepare a response. Specifically, U.S. Roofing argues the Amended Complaint does not adequately allege the essential elements or terms of the "implied contract" between the parties.

Motions for more definite statement are governed by Rule 12(e) of the Federal Rules of Civil Procedure, which provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." FED. R. CIV. P. 12(e). Motions for a more definite statement "are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994). "Rule 12(e) motions are not to be used as substitutions for discovery." *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1376 at 737–41 (1969).

Here, the factual details U.S. Roofing seeks could be addressed during the discovery process. The amended complaint is not so vague, ambiguous, or unintelligible that U.S. Roofing cannot reasonably frame its responsive pleading. *See Moore*, 869 F. Supp. at 559; *see also George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D. Ill. Mar. 16, 2007) (noting that motions for more definite statement are not intended as a substitute for obtaining factual details through the normal discovery process). Thus, U.S. Roofing's motion for more definite statement is denied.

**III. D7 AND KEHRER BROTHERS' MOTION TO DISMISS THE COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

D7 and Kehrer Brothers have moved under Rule 12(b)(6) to dismiss U.S. Roofing's Counterclaim and Third-Party Complaint for failure to state a claim for breach of contract. D7 and Kehrer Brothers aver the pleading is deficient with respect to each of the "projects" U.S. Roofing claims to have had with D7 and Kehrer Brothers, in that U.S. Roofing failed to plead facts showing that valid contracts existed between the parties. Furthermore, while U.S. Roofing acknowledges that D7 and Kehrer Brothers are separate entities, it fails to separate those entities' respective promises and obligations.

As an initial matter, the Court notes that U.S. Roofing's Third-Party Complaint against Kehrer Brothers is technically improper under Rule 14. Rule 14(a) states "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). Thus, by the plain language of the rule, it is meant to be used when a defendant is attempting to transfer liability from itself to the third-party defendant. *Id.* "The liability must be derivative; [t]he fact that the third-party claim arose out of the same transaction or set of facts is irrelevant, since impleader cannot be used as a way of combining all controversies having a common relationship." *Federalpha Steel LLC Creditors' Tr. v. Fed. Pipe & Steel Corp.*, 245 F.R.D. 615, 618 (N.D. Ill. 2007) (internal quotation omitted). "The third-party plaintiff and third-party defendant, while adverse to one another, are thus mutually adverse to the plaintiff." *Tanners Creek Dev., LLC v. Toms*, No. 418CV00211SEBDML, 2019 WL 359758, at *2 (S.D. Ind. Jan. 29, 2019).

Here, U.S. Roofing is not attempting to transfer its liability to Kehrer Brothers, nor

are U.S. Roofing and Kehrer Brothers mutually adverse to Plaintiff D7. Instead, U.S. Roofing is claiming that Kehrer Brothers is liable to it for breach of contract. Thus, its claim is not properly brought as a Third-Party Complaint under Rule 14. Accordingly, the Third-Party Complaint against Kehrer Brothers shall be dismissed. But, because Rule 15(a) encourages courts to freely grant leave to amend when justice so requires, the Court will allow U.S. Roofing to amend its pleading to properly assert any claims it may have against Kehrer Brothers using the proper procedural vehicles. *See* FED. R. CIV. P. 13, 19, 20.

Turning to D7's motion to dismiss for failure to state a claim, Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Accordingly, the Court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

Under Illinois law, a breach of contract claim consists of (1) a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) injury to the plaintiff. *United States ex rel. Morgan v. Champion Fitness, Inc.*, 368 F. Supp. 3d 1198, 1212 (C.D. Ill. 2019). "To establish the formation of a valid and enforceable contract under Illinois law, a plaintiff must prove that there was an 'offer, acceptance and existence of valuable consideration.'" *Id.* at 1213 (citing *Jada Toys, Inc. v. Chi. Import, Inc.*, No. 07-C-699, 2009 WL 3055370, at *6 (N.D. Ill. Sep. 18, 2009)). "No contract exists under Illinois law, and, indeed, under principles of general law, if the agreement lacks definite and certain terms; nor is a contract formed by an offer that itself lacks definite and certain material terms and does not require such terms to be supplied by an acceptance." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 850 (7th Cir.

2007). "An implied contract is created by the parties' conduct and contains all of the elements of an express contract—offer, acceptance, and consideration—as well as a meeting of the minds." *Perdue v. Hy-Vee, Inc.*, No. 19-1330, 2020 WL 1917835, at *7 (C.D. Ill. Apr. 20, 2020) (citing *Brody v. Finch Univ. of Health Scis.*, 698 N.E.2d 257, 265 (Ill. App. Ct. 1998)).

Here, U.S. Roofing brings one breach of contract claim based on numerous previous agreements. It claims that it entered into valid and enforceable oral or implied contracts with D7 and Kehrer Brothers whereby U.S. Roofing would supply labor, materials, and consulting work, and, pursuant to agreement and prior course of dealings, D7 and Kehrer Brothers agreed to pay U.S. Roofing for said labor, materials, and/or consulting work. U.S. Roofing then performed and completed the work as agreed, but D7 and Kehrer Brothers failed to pay U.S. Roofing.

Accepting U.S. Roofing's allegations as true and drawing all permissible inferences in its favor, at this stage the Court finds these allegations sufficient to allege the existence of valid oral or implied contracts. Furthermore, while D7 argues that U.S. Roofing lumped it and Kehrer Brothers together and failed to separate the entities' respective promises and obligations, going forward the burden will be on U.S. Roofing to establish that it had a contractual relationship with D7 and/or Kehrer Brothers. *See 7841 Pines Boulevard, LLC v. 114 Church St. Funding, LLC*, No. 18-CV-07405, 2020 WL 5502328, at *3 (N.D. Ill. Sept. 11, 2020). At this point, however, the Court finds U.S. Roofing's allegations sufficient to state a claim. Therefore, D7's motion to dismiss the counterclaim under Rule 12(b)(6) is denied.

CONCLUSION

For these reasons, the Motion to Dismiss the First Amended Complaint or, Alternatively, to Require Joinder of a Party in Interest, and for More Definite Statement filed by Defendant U.S. Roofing, LLC (Doc. 40) is **DENIED**.

The Motion to Dismiss U.S. Roofing's Counterclaim and Third-Party Claim for failure to state a claim filed by Counterclaim Defendant D7 Roofing, LLC, and Third-Party Defendant Kehrer Brothers Construction, Inc. (Doc. 29), is also **DENIED.**

U.S. Roofing, LLC's Third-Party Complaint is **DISMISSED**. U.S. Roofing is **GRANTED** leave to file an amended pleading that properly asserts claims against Kehrer Brothers Construction, Inc., on or before **November 9, 2020**.

IT IS SO ORDERED.

DATED:   October 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**